(No. 42663.—)

ILLINOIS CRIME INVESTIGATING COMMISSION, Appellee, *vs.*
PHIL TOLOMEO, Appellant.

*Opinion filed January 25, 1971.*

GEORGE J. COTSIRILOS and S. JACK MICHELETTO, both
of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield,
and JAMES B. ZAGEL and ROGER C. NAUERT, Assistant At-
torneys General, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

In response to a subpoena, the respondent, Phil Tolomeo,
appeared before the Illinois Crime Investigating Commis-
sion on April 15, 1967. He stated his name and address, but
refused to answer any other questions, invoking his fifth
amendment privilege against self-incrimination. The execu-
tive director of the Commission thereafter requested the
circuit court of Cook County to grant the respondent im-
munity from any prosecution, except for perjury or con-
tempt of court, on account of any transaction or matter
concerning which he testified. (Ill. Rev. Stat. 1969, ch. 38,
par. 203—14.) On January 15, 1969, the circuit court
granted the requested immunity and ordered the respond-

ent to appear before the Commission and answer all questions touching upon the matters being investigated.

The respondent then appeared before the Commission a second time and again refused to answer any questions. On April 16, 1969, the circuit court found the respondent in contempt of court and ordered him incarcerated. The order provided: "It is further ordered that Phil Tolomeo shall be confined in the county jail for a period of six months. * * * The Clerk of the Circuit Court of Cook County shall issue a mittimus directing the Sheriff of Cook County to take Phil Tolomeo into custody and incarcerate him in the County Jail until further order of this Court."

On May 13, 1969, the respondent filed a notice of appeal from this order, and thereafter, on July 12, 1969, his attorney appeared before the Commission and requested that he be given another opportunity to testify. Subsequently, the respondent was informed by the Commission that it would not accept any testimony from him until final disposition of the appeal from the order of April 16, 1969. The respondent thereafter filed a motion to vacate the contempt order, which was denied.

On this direct appeal, the respondent argues that the order found him guilty of civil contempt, and that he was therefore entitled to release when he offered to testify on July 12, 1969. The Commission, emphasizing that portion of the order which imposed a definite sentence of six months, argues that the respondent could not purge himself by testimony given after the entry of the order.

These same arguments were presented to the trial judge upon respondent's motion to vacate the contempt order. At the hearing upon that motion, the judge took the position that he would vacate the order unless the Commission did not want the order vacated. In our opinion, the trial judge was in error in permitting the Commission to determine whether or not the contempt order should be vacated.

The order that had been entered was ambiguous. It first committed the respondent to imprisonment for a definite period and then directed that he be incarcerated "until further order of this Court." We cannot accept the Attorney General's contention that this final direction "merely gives the judge the option to mitigate the sentence if, in the future, the Respondent should want to cooperate and the Commission still desired his testimony."

Interpretation of the ambiguous order was a matter for the judge, and not for the Commission. The judge made his interpretation when he stated that he did not understand why the assistant Attorney General representing the Commission was objecting to vacation of the order, and that he would have vacated the order but for the objection of the Commission.

The judgment of the circuit court of Cook County is reversed, and the contempt order of April 16, 1969, vacated.

*Judgment reversed; order vacated.*